UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jorge Alberto Aranda, | Case No. 2:26-cv-00644-CDS-EJY |
| Petitioner | **Order Granting in Part Petitioner's Amended Petition for Writ of Habeas Corpus** |
| v. | |
| Todd Blanche, et al., | [ECF No. 8] |
| Respondents | |

This is an immigration habeas action brought by petitioner Jorge Aranda, who filed his first amended petition on April 3, 2026. Pet., ECF No. 8. Therein, Aranda asserts that his detention without a bond hearing violates his due process rights under the Fifth Amendment. *Id.* at 6. The respondents filed a response to the petition. Resp., ECF Nos. 12, 13[1]. This petition is fully briefed. *See* Reply, ECF No. 14. For the reasons set forth herein, the petitioner's first amended petition is granted in part.

I.    **Background**

Aranda is a citizen of El Salvador. ECF No. 8 at 3. Aranda, his wife, and two children fled El Salvador and applied for admission into the United States on December 14, 2018. *Id.* at 5; Form I-213, Resp'ts' Ex. A, ECF No. 12-1 at 3. Aranda and his family were granted humanitarian parole. ECF No. 8 at 5. At some point, Aranda obtained a work permit, and he was placed in removal proceedings and sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *Id.*

On August 16, 2025, Aranda was arrested on a misdemeanor charge for driving under the influence. *Id.* On October 20, 2025, an immigration judge (IJ) ordered Aranda removed to El Salvador and denied his application for relief. *Id.* Thereafter, Aranda appealed to the BIA. *Id.* His appeal remains pending. *Id.*

---

[1] Respondent John Mattos separately filed a response, taking no position on the habeas or bond relief sought. *See* ECF No. 13.

Aranda had a bond hearing before an IJ on February 26, 2026. *Id.* The IJ denied Aranda's request for a bond but did not reach a decision on the merits because it found it had no jurisdiction. *Id.* Rather, as alleged in the amended petition, the IJ found that Aranda's removal order was not final, and he was charged as an arriving alien. *Id.*

Aranda has remained in custody since August 2025. *Id.* As a result, Aranda brings this first amended petition asserting that his detention without a bond hearing violates his due process rights under the Fifth Amendment.[2]

## II.     Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    Discussion

Aranda first argues that the IJ erred in finding that she lacked jurisdiction because the IJ classified Aranda as an arriving alien under the INA. ECF No. 8 at 6. Aranda further argues that because he was detained in the interior of the United States, the only authority in which he may be lawfully detained is under 8 U.S.C. § 1226(a). *Id.* As asserted in the amended petition, the IJ denied Aranda's request for a bond without conducting a merits analysis, and as a result, Aranda was deprived of due process at his February 26, 2026 bond hearing. *Id.* at 7. To support his

---

[2] Aranda raises three separate grounds; however, I construe all claims to arise from an alleged due process rights violation.

second ground for relief, also asserting a due process violation, Aranda analyzes the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 11–14.

The federal respondents assert that Aranda is lawfully detained under § 1225(b)(2)(A). ECF No. 12 at 7. They also seek to incorporate by reference their prior arguments raised in a response that was filed in *Jacobo-Ramirez v. Mullin*, case no. 2:25-cv-02136-RFB-MDC. Because it is unclear what response the federal respondents are referring to, as there are over 140 docket entries in the class action suit, this argument is essential non-responsive, so I do not address their "incorporated" response.[3]

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). On the other hand, Section 1226(a) states:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). The plain language of these provisions indicates that both § 1225 and § 1226 govern the detention of noncitizens pending removal proceedings. The difference is that § 1225 provides for mandatory detention, whereas § 1226 allows for the release of the noncitizen on conditional parole or bond.

---

[3] I only review and address the federal respondents' positions that are thoroughly developed—that is, their position concerning § 1225(b)(2) and their argument that temporary detention does not offend due process. *See* ECF No. 12 at 7–15.

"A statute should be construed so that effect is given to all its provisions." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citation omitted); *Corley v. United States*, 556 U.S. 303, 314 (2009). "When interpreting a statute, the inquiry 'begins with the statutory text, and ends there as well if the text is unambiguous.'" *See In re Vill. Apothecary, Inc.*, 45 F.4th 940, 947 (6th Cir. 2022) (citation omitted). But "the 'meaning—or ambiguity—of certain words or phrases may only become evident when placed in context.'" *King v. Burwell*, 576 U.S. 473, 486 (2015) (citation omitted). And "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) (citation omitted). The court must also "use every tool at [its] disposal to determine the best reading of the statute." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024).

As a threshold matter, § 1225 is titled "Inspection by immigration officers; expedited removal of inadmissible **arriving aliens**; referral for hearing." 8 U.S.C. § 1225 (emphasis added). This title "is especially valuable [where] it reinforces what the text's nouns and verbs independently suggest." *Yates v. United States*, 574 U.S. 528, 552 (2015) (Alito, J., concurring). And § 1225(b)(2)(A) provides for the detention "of an alien who is *an applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Important here, the INA defines an "applicant for admission" as "[a]n alien present in the United States who **has not been admitted or who arrives in the United States.**" *See id.* at § 1225(a)(1) (emphasis added). The INA further defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *See id.* at § 1101(a)(13). The word "entry" is not defined in the INA. *See generally id.* at § 1101. But the dictionary definition of "entry" is "the right or privilege of entering" or "the act of entering." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/entry (last visited May 20, 2026). "Entry" has long been understood to mean "a crossing into the territorial limits of the United States." *Hing Sum v. Holder*, 602 F.3d 1092, 1100–01 (9th Cir. 2010)

4

(quoting *Matter of Pierre*, 14 I. & N. Dec. 467, 468 (BIA 1973)). The phrase "seeking admission" is also undefined in the statute. The dictionary definition of "seeking" is "ask[ing] for." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/seeking (last visited May 20, 2026). And the word "seeking" "necessarily implies some sort of present-tense action." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025) (citations omitted).

The respondents' interpretation of § 1225 would render the qualifier "seeking admission" in the statute entirely unnecessary and therefore improper. "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citations omitted). Given Congress's decision to use different terms in § 1225—i.e., "applicant for admission" and "alien seeking admission"—I presume that Congress intended these phrases to mean different things. *See Pulsifer v. United States*, 601 U.S. 124, 149 (2024) ("In a given statute . . . different terms usually have different meanings." (citation omitted)); *see also Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025); 8 U.S.C. § 1225(a)(2)(3) (reasoning that Congress's decision to include the word "arriving," and references to methods of physical arrival, such as "stowaways" and "crewmen," in § 1225 shows Congress's intent to address noncitizens arriving "at a border or port of entry.").

In contrast, § 1226 is titled: "Apprehension and detention of aliens." 8 U.S.C. § 1226. "That Congress separated removal of arriving aliens," as set forth in § 1225, "from its more general section for 'Apprehension and detention of aliens,'" as set forth in § 1226, "implies that Congress enacted § 1225 for a specific, limited purpose." *Pizarro Reyes*, 2025 WL 2609425, at *5 (citing *Dubin v. United States*, 599 U.S. 110, 122 (2023)). As the U.S. Supreme Court explained in *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018), § 1225 is part of the "process of decision [that] generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible," whereas "[s]ection 1226 generally governs the process of arresting and detaining . . . aliens [already living within the

United States] pending their removal." *Id.* at 288. Thus, *Jennings* differentiated between noncitizens initially arriving to the United States who are governed by § 1225, and noncitizens already present in the country who are governed by § 1226. *Id.* at 288–89.

The respondents rely on an out of circuit decision to support their position that Aranda is properly detained under § 1225. ECF No. 12 at 9–12 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)). But the record is clear: Aranda is not actively seeking to lawfully cross into the territorial limits of the United States because he has already entered the United States in 2018 and was paroled into the United States, ECF No. 8 at 2, 7.

Because I find that Aranda's detention is governed by § 1226(a), not § 1225(b)(2)(A), his continued detention under § 1225(b)(2)(A) violates his Fifth Amendment due process rights. Accordingly, the amended petition for writ of habeas corpus is granted in part. Aranda is entitled to a constitutionally sufficient bond hearing under 8 U.S.C. § 1226(a).[4] The respondents must provide him with a bond hearing within one week of the entry of this order.

**IV.    Conclusion**

IT IS ORDERED that Jorge Alberto Aranda's first amended petition for writ of habeas corpus [ECF No. 8] **is GRANTED in part, as set forth in this order.**

IT IS FURTHER ORDERED that the respondents are required to give the petitioner a bond hearing, and this bond hearing must occur by May 28, 2026.

IT IS FURTHER ORDERED that the parties must file a status report no later than June 4, 2026, advising that status of compliance with this order. **The status report must also include the parties' position regarding whether this matter should remain open or can be closed.**

Dated: May 21, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] The court recognizes that the petitioner has been detained since August 2025, and that he seeks immediate release from detention. However, I find the appropriate remedy at this time is to grant Aranda a constitutionally sufficient bond hearing under 8 U.S.C. § 1226, so that an IJ can consider the factors under § 1226 to determine if Aranda may be released on bond.